UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHALID EL ALI, formerly known as
KEVIN JAMES WALKER,

    Plaintiff,

v.

JOSEPH GALANOS, JOHN ROWAN, PAUL J.
MARGIOTTA, MARK J.F. SCHROEDER, KEVIN
KANE, BRIAN RASIAK and PETER WUCHTE,

    Defendants.

**MEMORANDUM & ORDER**
22-CV-2421 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

    On April 28, 2022, Plaintiff Khalid El Ali ("Plaintiff"), proceeding *pro se*, filed this action against Police Officer James J. Galanos, Inspector John Rowan, Chief Deputy County Attorney Paul J. Margiotta and Commissioner Mark J.F. Schroeder (the "Defendants"). *See* ECF No. 1. By Memorandum and Order dated June 15, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed the complaint with leave to amend. *See* ECF No. 5. On July 13, 2022, the Court granted Plaintiff's motion for an extension of time to amend. *See* Docket Entry dated July 13, 2022.

    On August 15, 2022, Plaintiff filed an amended complaint against the same Defendants and the following additional Defendants: Police Officer Joseph Galanos (rather than James J. Galanos), Inspector Kevin Kane, Police Sergeant Brian Rasiak and Police Officer Wuchte (collectively, "Defendants"). *See* ECF No. 7 at 3–5. Plaintiff seeks damages and injunctive relief. *Id.* at 6, 13. On August 16, 2022, Plaintiff filed an order to show cause seeking immediate injunctive relief against the Defendants. *See* ECF No. 8. For the reasons set forth below, the amended complaint is dismissed.

**BACKGROUND**

In the amended complaint, Plaintiff alleges that on April 16, 2020, he was falsely arrested by Police Officer Wuchte in Suffolk County. *See* ECF No. 7 at 8. He alleges that Officer Wuchte refused to acknowledge the validity of his "Moorish American travel documents" which showed his name as "Khalid El Ali and not Kevin J. Walker." *Id.* Plaintiff further alleges that he was taken to the 1st Precinct in Suffolk County and that Sergeant Brian Rasiak forced him to "sign documents as, and to impersonate, Kevin J. Walker." *Id.* at 8–9. Plaintiff includes a Certificate of Disposition indicating that the charges against Kevin J. Walker for this arrest were dismissed on March 23, 2021. *Id.* at 29. Plaintiff further alleges that on August 13, 2021, Police Officer Joseph Galanos of the 3rd Precinct in Suffolk County also questioned "the validity of [his] Moorish travel credentials" and issued "four tickets/citations" to Kevin J. Walker. *Id.* at 9–10, 33. Plaintiff next alleges that on August 8, 2022, Officer Rhoades, at the behest of Officer Galanos, issued several traffic tickets to Kevin J. Walker. *Id.* at 12, 45–50. Plaintiff also includes documents from the Department of Motor Vehicles ("DMV") providing him with notice that his license will be suspended on August 27, 2022. *Id.* at 34-38.

Plaintiff attaches a "Fee Schedule," *id.* at 15–19, an excerpt of the Treaty with Morocco, *id.* at 21–22, and other documents related to the Moorish Nation, including documents purporting to be photo identification cards and proof of name change issued by the "Moorish Divine and National Movement." *Id.* at 23–28.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*, *e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quoting *Iqbal,* 556 U.S. at 679).

## DISCUSSION

On August 15, 2022, Plaintiff filed an identical amended complaint with the same allegations against the same Defendants in *Ali v. Wuchte, et al.*, No. 22-cv-1532, which is currently pending. *See* No. 22-cv-1532, ECF No. 13. In the first action, No. 22-cv-1532, Plaintiff paid the filing fee. On August 16, 2022, Plaintiff also filed an identical order to show cause seeking immediate injunctive relief against the Defendants in the first action. *See* No. 22-cv-1532, ECF No. 15. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation").

The law in this Circuit is clear: "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," *Curtis*, 226 F.3d at 139, and this applies only if the two actions are "both still pending." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019). Here, both actions are pending, Plaintiff names the same Defendants, and raises the same claims. *Cf. Ali v. Wuchte*, No. 22-cv-1532 (filed Mar. 21, 2022) with *Ali v. Galanos*, *et al.*, No. 22-cv-2421 (filed Apr. 28, 2022). Thus, no useful purpose would be served by this duplicate action.

## CONCLUSION

As set forth above, this action is dismissed as duplicative of and without prejudice to the litigation pending in *Ali v. Wuchte, et al.,* No. 22-cv-1532. In light of that disposition, Plaintiff's order to show cause seeking immediate injunctive relief, *see* ECF No. 8, is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate all motions, enter judgment and close this case. The Clerk is also directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       August 25, 2022

4